1  STEPHANIE YONEKURA
   Acting United States Attorney
2  ROBERT E. DUGDALE
   Assistant United States Attorney
3  Chief, Criminal Division
   RONALD L. CHENG (Cal. State Bar No. 138892)
4  Assistant United States Attorney
   Cyber and Intellectual Property Crimes Section
5       1200 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone:  (213) 894-8644
7       Facsimile:  (213) 894-8601
        E-mail:   ronald.cheng@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10               UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12 UNITED STATES OF AMERICA,          No. CR 14-09-ODW

13          Plaintiff,               PLEA AGREEMENT FOR DEFENDANT
                                     JIANCHAI ZHOU
14            v.

15 JIANCHAI ZHOU,

16          Defendant.

17      1.   This constitutes the plea agreement between Jianchai Zhou

18 ("defendant") and the United States Attorney's Office for the Central

19 District of California (the "USAO") in the above-captioned case.

20 This agreement is limited to the USAO and cannot bind any other

21 federal, state, local, or foreign prosecuting, enforcement,

22 administrative, or regulatory authorities.

23                    DEFENDANT'S OBLIGATIONS

24      2.   Defendant agrees to:

25          a.   At the earliest opportunity requested by the USAO and

26 provided by the Court, appear and plead guilty to Count Two of the

27 indictment in United States v. Jianchai Zhou, CR No. 14-09-ODW, which

28                              1

1  charges defendant with access device fraud in violation of 18 U.S.C.

2  § 1029(a)(2).

3       b.   Not contest facts agreed to in this agreement.

4       c.   Abide by all agreements regarding sentencing contained

5  in this agreement.

6       d.   Appear for all court appearances, surrender as ordered

7  for service of sentence, obey all conditions of any bond, and obey

8  any other ongoing court order in this matter.

9       e.   Not commit any crime; however, offenses that would be

10  excluded for sentencing purposes under United States Sentencing

11  Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

12  within the scope of this agreement.

13       f.   Be truthful at all times with Pretrial Services, the

14  United States Probation Office, and the Court.

15       g.   Pay the applicable special assessment at or before the

16  time of sentencing unless defendant lacks the ability to pay and

17  prior to sentencing submits a completed financial statement on a form

18  to be provided by the USAO.

19                      THE USAO'S OBLIGATIONS

20  3.   The USAO agrees to:

21       a.   Not contest facts agreed to in this agreement.

22       b.   Abide by all agreements regarding sentencing contained

23  in this agreement.

24       c.   At the time of sentencing, move to dismiss the

25  remaining counts of the indictment as against defendant.  Defendant

26  agrees, however, that at the time of sentencing the Court may

27  consider any dismissed charges in determining the applicable

28

Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

<u>NATURE OF THE OFFENSE</u>

4.   Defendant understands that for defendant to be guilty of the crime charged in Count Two, that is, access device fraud, in violation of Title 18, United States Code, Section 1029(a)(2), the following must be true:

First, the defendant knowingly used unauthorized access devices at any time during a one-year period;

Second, by using the unauthorized access devices during that period, the defendant obtained things of value, their value together totaling $1,000 or more during that period;

Third, the defendant acted with the intent to defraud; and

Fourth, the defendant's conduct in some way affected commerce between one state and other states, or between a state or the United States and a foreign country.

An "access device" means any card, plate, code, account number, electronic serial number, mobile identification number, personal identification number, or other telecommunications service, equipment, or instrument identifier, or other means of account access

3

that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument).

An "unauthorized" access device is any access device that is lost, stolen, expired, revoked, canceled, or obtained with intent to defraud.

5.   In order for defendant to be guilty of aiding and abetting a crime under Title 18, United States Code, Section 2, the following must be true:

First, the crime was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of the charged crime; and

Third, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The defendant must have acted with the knowledge and intention of helping that person commit the charged crime.

It is not necessary for the government to prove precisely who actually committed the crime and who aided and abetted.

<u>PENALTIES AND RESTITUTION</u>

6.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1029(a)(2), is 10 years imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or

1  gross loss resulting from the offense, whichever is greatest; and a

2  mandatory special assessment of $100.

3      7.   Defendant understands that supervised release is a period

4  of time following imprisonment during which defendant will be subject

5  to various restrictions and requirements.  Defendant understands that

6  if defendant violates one or more of the conditions of any supervised

7  release imposed, defendant may be returned to prison for all or part

8  of the term of supervised release authorized by statute for the

9  offense that resulted in the term of supervised release, which could

10  result in defendant serving a total term of imprisonment greater than

11  the statutory maximum stated above.

12      8.   Defendant understands that defendant will be required to

13  pay full restitution to the victim(s) of the offense to which

14  defendant is pleading guilty.  Defendant agrees that, in return for

15  the USAO's compliance with its obligations under this agreement, the

16  Court may order restitution to persons other than the victim(s) of

17  the offenses to which defendant is pleading guilty and in amounts

18  greater than those alleged in the count to which defendant is

19  pleading guilty.  In particular, defendant agrees that the Court may

20  order restitution to any victim of any of the following for any

21  losses suffered by that victim as a result: (a) any relevant conduct,

22  as defined in U.S.S.G. § 1B1.3, in connection with the offenses to

23  which defendant is pleading guilty; and (b) any counts dismissed

24  pursuant to this agreement as well as all relevant conduct, as

25  defined in U.S.S.G. § 1B1.3, in connection with those counts.

26  Defendant understands, but reserves the right to contest, that the

27  government contends that the applicable amount of restitution is

28  approximately $345,000, but recognizes and agrees that this amount

1    could change based on facts that come to the attention of the parties

2    prior to sentencing.

3        9.   Defendant understands that, by pleading guilty, defendant

4    may be giving up valuable government benefits and valuable civic

5    rights, such as the right to vote, the right to possess a firearm,

6    the right to hold office, and the right to serve on a jury.

7    Defendant understands that once the court accepts defendant's guilty

8    plea, it will be a federal felony for defendant to possess a firearm

9    or ammunition.   Defendant understands that the conviction in this

10   case may also subject defendant to various other collateral

11   consequences, including but not limited to revocation of probation,

12   parole, or supervised release in another case and suspension or

13   revocation of a professional license.   Defendant understands that

14   unanticipated collateral consequences will not serve as grounds to

15   withdraw defendant's guilty plea.

16       10.  Defendant understands that, if defendant is not a United

17   States citizen, the felony conviction in this case may subject

18   defendant to: removal, also known as deportation, which may, under

19   some circumstances, be mandatory; denial of citizenship; and denial

20   of admission to the United States in the future.   The court cannot,

21   and defendant's attorney also may not be able to, advise defendant

22   fully regarding the immigration consequences of the felony conviction

23   in this case.   Defendant understands that unexpected immigration

24   consequences will not serve as grounds to withdraw defendant's guilty

25   plea.

26                            FACTUAL BASIS

27       11.  Defendant admits that defendant is, in fact, guilty of the

28   offense to which defendant is agreeing to plead guilty.   Defendant

and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 13 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

From on or about March 10, 2011, through November 9, 2011, defendant Jianchai Zhou used unauthorized access devices, that is, fraudulent credit cards that had defendant's name printed on them and encoded with the account information of victim card holders, which were used without the authorization of those account holders or the issuing banks.  Defendant used those cards to purchase goods with a value of $1,000 or more.  By using the unauthorized devices during that time period, as described below, defendant obtained things of value at Nordstrom department stores in California, their value together totaling $1,000 or more during that period.

| DATE | TIME | STORE | REGISTER | TRANS-ACTION | CASHIER | AMOUNT | ACCOUNT NUMBER (LAST FOUR DIGITS) |
|------|------|-------|----------|--------------|---------|--------|-----------------------------------|
| 3/10/11 | 1412 | 349 | 9118 | 3473 | 8171290 | $1,113.96 | -0749 |
| 04/04/11 | 1606 | 345 | 1459 | 6055 | 8798134 | $598.14 | -6628 |
| 04/04/11 | 1609 | 345 | 1459 | 6056 | 8798134 | $504.85 | -6628 |
| 05/24/11 | 1559 | 342 | 2291 | 5674 | 8561242 | $629.97 | -5917 |
| 05/24/11 | 1608 | 342 | 2246 | 1689 | 7208515 | $976.78 | -5917 |

At the time defendant used the above-listed credit cards to purchase these goods, defendant knew that she was using unauthorized

credit cards to purchase goods and acted with the intent to defraud.
These transactions affected interstate and foreign commerce in that
the credit card transactions were processed by financial institutions
both outside the United States and in states other than the
California Nordstrom department stores.

SENTENCING FACTORS

12.  Defendant understands that in determining defendant's
sentence the Court is required to calculate the applicable Sentencing
Guidelines range and to consider that range, possible departures
under the Sentencing Guidelines, and the other sentencing factors set
forth in 18 U.S.C. § 3553(a).  Defendant understands that the
Sentencing Guidelines are advisory only, that defendant cannot have
any expectation of receiving a sentence within the calculated
Sentencing Guidelines range, and that after considering the
Sentencing Guidelines and the other § 3553(a) factors, the Court will
be free to exercise its discretion to impose any sentence it finds
appropriate up to the maximum set by statute for the crime of
conviction.

13.  Defendant and the USAO agree to the following applicable
Sentencing Guidelines factors:

| DESCRIPTION | LEVELS | CITATION |
| --- | --- | --- |
| Base offense level: | 6 | 2B1.1 |
| Possession or use of any authentication feature | 2 | 2B1.1(b)(11) |

Defendant and the USAO reserve the right to argue that additional
specific offense characteristics (including an enhancement for loss
up to $400,000, under U.S.S.G. § 2B1.1(b)(1), and number of victims,

under U.S.S.G. § 2B1.1(b)(2)), adjustments, and departures under the
Sentencing Guidelines are appropriate.

14.  Defendant understands that there is no agreement as to
defendant's criminal history or criminal history category.

15.  Defendant and the USAO reserve the right to argue for a
sentence outside the sentencing range established by the Sentencing
Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),
(a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

16.  Defendant understands that by pleading guilty, defendant
gives up the following rights:

     a.  The right to persist in a plea of not guilty.

     b.  The right to a speedy and public trial by jury.

     c.  The right to be represented by counsel – and if
necessary have the court appoint counsel -- at trial.  Defendant
understands, however, that, defendant retains the right to be
represented by counsel – and if necessary have the court appoint
counsel – at every other stage of the proceeding.

     d.  The right to be presumed innocent and to have the
burden of proof placed on the government to prove defendant guilty
beyond a reasonable doubt.

     e.  The right to confront and cross-examine witnesses
against defendant.

     f.  The right to testify and to present evidence in
opposition to the charges, including the right to compel the
attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF APPEAL OF CONVICTION

17.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

18.   Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 30 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) the amount and terms of any restitution order; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; and the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d).

19.   The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and

(b) the Court imposes a term of imprisonment of no less than 46 months, the USAO gives up its right to appeal any portion of the sentence ,with the exception that the USAO reserves the right to appeal the following: (a) the amount of restitution ordered.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

20.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

### EFFECTIVE DATE OF AGREEMENT

21.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

### BREACH OF AGREEMENT

22.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant

United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

23.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.  Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.  Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.  Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action

1   against defendant, and defendant waives and gives up any claim under

2   the United States Constitution, any statute, Rule 410 of the Federal

3   Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

4   Procedure, or any other federal rule, that the statements or any

5   evidence derived from the statements should be suppressed or are

6   inadmissible.

7                    COURT AND PROBATION OFFICE NOT PARTIES

8        24.  Defendant understands that the Court and the United States

9   Probation Office are not parties to this agreement and need not

10  accept any of the USAO's sentencing recommendations or the parties'

11  agreements to facts or sentencing factors.

12       25.  Defendant understands that both defendant and the USAO are

13  free to: (a) supplement the facts by supplying relevant information

14  to the United States Probation Office and the Court, (b) correct any

15  and all factual misstatements relating to the Court's Sentencing

16  Guidelines calculations and determination of sentence, and (c) argue

17  on appeal and collateral review that the Court's Sentencing

18  Guidelines calculations and the sentence it chooses to impose are not

19  error, although each party agrees to maintain its view that the

20  calculations in paragraph 13 are consistent with the facts of this

21  case.  While this paragraph permits both the USAO and defendant to

22  submit full and complete factual information to the United States

23  Probation Office and the Court, even if that factual information may

24  be viewed as inconsistent with the facts agreed to in this agreement,

25  this paragraph does not affect defendant's and the USAO's obligations

26  not to contest the facts agreed to in this agreement.

27       26.  Defendant understands that even if the Court ignores any

28  sentencing recommendation, finds facts or reaches conclusions

different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

27.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

1       PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2       28.  The parties agree that this agreement will be considered

3 part of the record of defendant's guilty plea hearing as if the

4 entire agreement had been read into the record of the proceeding.

5 AGREED AND ACCEPTED

6 UNITED STATES ATTORNEY'S OFFICE
  FOR THE CENTRAL DISTRICT OF
7 CALIFORNIA

8 STEPHANIE YONEKURA
  Acting United States Attorney

9

10 _____      August 25, 2014
  RONALD CHENG               Date
11 Assistant United States Attorney

12

  _____      _____
13 JIANCHAI ZHOU               Date
  Defendant

14

  _____      _____
15 GEORGINE WAKEFIELD          Date
  DEPUTY FEDERAL PUBLIC DEFENDER
  Attorney for Defendant
16 JIANCHAI ZHOU

17

18

19

20

21

22

23

24

25

26

27

28

1    <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2        28.   The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5    AGREED AND ACCEPTED

6    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
7    CALIFORNIA

8    STEPHANIE YONEKURA
     Acting United States Attorney

9

10

11   RONALD CHENG                                    Date
     Assistant United States Attorney

12                                                   8/21/14

13   JIANCHAI ZHOU                                   Date
     Defendant

14                                                   8/21/14

15   GEORGINA WAKEFIELD                              Date
     DEPUTY FEDERAL PUBLIC DEFENDER
16   Attorney for Defendant
     JIANCHAI ZHOU

17

18

19

20

21

22

23

24

25

26

27

28

                                15

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. This agreement has been read to me in Mandarin Chinese, the language I understand best. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

ZHOU Jian chi                              8/21/14
_____                    _____
JIANCHAI ZHOU                              Date
Defendant

16

CERTIFICATION OF INTERPRETER

I, _Michael Yu Zhu_ , am fluent in the written and spoken English and Mandarin Chinese languages.  I accurately translated this entire agreement from English into Mandarin Chinese to defendant Jianchai Zhou on this date.

_____     08/21/14
INTERPRETER                          Date

17

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Jianchai Zhou's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of her rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

GEORGINA WAKEFIELD
DEPUTY FEDERAL PUBLIC DEFENDER
Attorney for Defendant
JIANCHAI ZHOU

Date 8/21/14

18